UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| YVONNE HILBERT | |
| Plaintiff, | Civil Action No. __3:14-CV-565-H__ |
| v. | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY | COMPLAINT |
| Defendant. | |

<u>Introduction</u>

1.      This complaint seeks legal and equitable damages arising from and relating to a long term disability insurance policy underwritten by Defendant.

2.      The headings contained in this complaint are intended only to assist in reviewing the statements and allegations contained herein.  To avoid the unnecessary repetition in each section, Plaintiff hereby affirms and incorporates each paragraph in each section of this amended complaint as though fully set forth therein.

3.      The factual allegations found in this amended complaint are not exhaustive, and are presented throughout this complaint so as to provide the requisite notice of the basis for Plaintiff's allegations.

<u>Jurisdiction & Venue</u>

4.      This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and § 1132(f).

5.      Venue is appropriate in the United States District Court for the Western District of Kentucky pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

## Parties

6.     Plaintiff Yvonne Hilbert is a citizen of the United States and an insured participant under the long term disability insurance policy and the life insurance policy ("insurance policies") at issue in this lawsuit.

7.     Defendant The Lincoln National Life Insurance Company is the underwriter, insurer and administrator of the insurance policy at issue in this lawsuit.  Further, Lincoln does business within the Commonwealth of Kentucky as an admitted insurer.

## Facts

8.     Ms. Hilbert is insured under a long term disability insurance policy underwritten, issued and administered by Lincoln.

9.     Ms. Hilbert ceased work in September 2012 because of the physical limitations resulting from her disabling conditions and corresponding treatment regimen.  Subsequent to ceasing work, Ms. Hilbert has remained continuously disabled and unable to function on a full time basis in any gainful employment.

10.     Lincoln agreed Ms. Hilbert was disabled and provided her with short term disability benefits from September 2012 through March 2013.   Despite her inability to return to gainful sedentary employment, and her disabling condition not improving, Lincoln denied her claim for long term disability benefits.

11.     As she informed Lincoln, and supported by her treating physician, Ms. Hilbert's debilitating medical condition has _not_ improved subsequent to Lincoln's initial determination that she was disabled.  Moreover, her disabling condition has not improved subsequent to the termination of her long term disability benefits by Lincoln.  The restrictions and limitations resulting from her debilitating medical condition continue to preclude her from engaging in full-time sedentary gainful employment.

12.     Ms. Hilbert has met and continues to meet the requirements of the long term disability insurance policy necessary to continue receiving monthly benefits.

13.     Ms. Hilbert exhausted her administrative remedies.

14.     Ms. Hilbert's complaint is timely and is not otherwise time barred.

15.     In administering Ms. Hilbert's disability claim, Lincoln actively sought to deny her claim including misrepresenting the findings of its own paid medical reviewer.

16.     Lincoln did not have Ms. Hilbert physically examined by a licensed physician.

17.     Lincoln did not explain why it disagreed with Ms. Hilbert's treating physicians.

18.     Lincoln disregarded the Social Security Administration finding that Ms. Hilbert was totally and permanently disabled from engaging in any sedentary gainful occupation. Notably, Lincoln required Ms. Hilbert to pursue Social Security disability benefits. In doing so, Lincoln had a direct financial interest. To the extent the Social Security Administration approved Ms. Hilbert for disability benefits, Lincoln's liability under the insurance policy could potentially be reduced by a similar amount (the amount paid by Social Security).

19.     Lincoln utilized medical reviewers who have shown a high, if not absolute, propensity, of supporting its decision to deny claims including Ms. Hilbert.

20.     Lincoln's claims personnel are trained to make a reasonable decision, not an accurate decision.

21.     The long term disability insurance policy does _not_ provide Lincoln with discretionary authority.

22.     At all times relative hereto, Lincoln has been operating under an inherent and structural conflict of interest because any monthly benefits paid to Ms. Hilbert are paid from Lincoln's own assets with each payment depleting those same assets.

23.     Lincoln's corporate culture pressures claims personnel to terminate claims as well as to deny appeals in order to reduce the amount of monthly benefits paid.

24.     Employees who save Lincoln money by terminating or denying claims are more likely to be rewarded (e.g. with favorable employment reviews, promotions, raises, and bonuses) compared with those who do not.

25.     In administering Ms. Hilbert's long term disability claim, as it does with all claims, Lincoln intentionally delays claim decisions – taking by way of example, automatic

extensions of time in which to render a decision.  In addition, Lincoln required two levels of appeal, but systematically failed to render a decision within the ERISA mandated timelines. The reason for Lincoln's systemic delay in rendering claim decisions is it allows Lincoln to earn income on the unpaid monthly benefits – at the expense of participants such as Ms. Hilbert.

26.     Lincoln's actions demonstrate a focus on terminating participant benefits, regardless of the proof submitted, as opposed to administering the policy for the benefit of participants and beneficiaries, including Ms. Hilbert.

### Claims

### Breach of Contract

27.     The disability insurance policy constitutes a written contract.

28.     Contrary to the terms of the disability insurance policy, and in breach of the contract, Lincoln:

    a.  improperly denied Ms. Hilbert's claim for long term disability benefits;

    b.  failed to have Ms. Hilbert's claim reviewed by a Physician, but instead relied on unlicensed medical opinions; and

    c.  applied a policy provision (requiring a 2nd appeal) prohibited by law.

29.     Lincoln's contractual breach damaged Ms. Hilbert.

30.     29 U.S.C. §1132(a)(1)(B) is the enforcement mechanism permitting Ms. Hilbert to enforce the contractual terms of the policy, to obtain past benefits, to receive reinstatement for payment of future benefits, and to obtain declaratory relief.

### Breach of Fiduciary Duty

31.     Lincoln was acting as a fiduciary in the administration of Ms. Hilbert's claim.

32.     By way of example, and not an exhaustive list, Lincoln breached its fiduciary duties to Ms. Hilbert (as well as all other participants) by:

    a.  establishing a claims process in which its claims personnel systematically delay claim decisions;

b. establishing a claims process in which its claims personnel automatically accept the opinions of Lincoln's paid medical reviewers;

c. establishing a claims process in which its claims personnel do not seek to reach an accurate decision, but instead only seek to render a reasonable decision;

d. establishing a claims process in which Lincoln places its financial interests ahead of the participants and beneficiaries;

e. establishing a claims process in which Lincoln does not consult with health care professionals with appropriate training and experience;

f. establishing a claims process that requires two levels of appeal, but fails to render decisions within the timelines mandated by ERISA;

g. establishing a claims process that does not accurately apply the plan terms as written, but alters and add terms for Lincoln's own benefit; and

h. establishing a claims process in which Lincoln does not seek independent and unbiased medical opinions, but instead seeks opinions favorable to its own financial interests.

33.     29 U.S.C. § 1132(a)(3) is the enforcement mechanism permitting Ms. Hilbert to seek, on behalf of herself and all other participants, appropriate equitable relief including enjoining Lincoln's claims practices that violate the terms of the plan and ERISA, redressing such violations, and/or enforcing provisions of the plan and ERISA.

<u>Disgorgement and Make Whole Relief</u>

34.     As a result of its delayed payment of her monthly benefits, including the systemic practice of delaying claim decisions, Lincoln has accumulated earnings on the plan benefits otherwise payable to Ms. Hilbert.

35.     These accumulated earnings are rightfully the property of Ms. Hilbert

36.     Further, Lincoln breached its fiduciary duty to Ms. Hilbert.  As a result, Ms. Hilbert has incurred damages in addition to the non-payment of her long term disability benefits. Ms. Hilbert seeks to have Lincoln make her whole.

37.     29 U.S.C. §1132(a)(1)(B) and 1132(a)(3) are the enforcement mechanisms permitting Ms. Hilbert to seek, on behalf of herself and all other participants, appropriate equitable relief and make whole relief.

### Attorneys' Fees & Costs

38.     As a result of Lincoln's conduct, Ms. Hilbert has incurred attorneys' fees and costs.

39.     29 U.S.C. §1132(g) is the enforcement mechanism permitting Ms. Hilbert to recover reasonable attorneys' fees and costs.

### Prayer for Relief

40.     Ms. Hilbert requests the Court enter judgment in her favor and against Lincoln on all claims asserted herein, to include legal and equitable relief as appropriate.

41.     Ms. Hilbert requests the Court award reasonable attorneys' fees and costs.

42.     Ms. Hilbert requests the Court award pre- and post-judgment interest at the greater of the prime rate, the policy rate, or the rate earned by Lincoln on the unpaid benefits.

43.     Ms. Hilbert requests the Court award any and all other legal or equitable relief to which she may be entitled.

44.     Ms. Hilbert requests leave to amend the complaint as needed.

---

Dated:  August 11, 2014                    Respectfully submitted,

s/ Michael D. Grabhorn
Michael D. Grabhorn
*m.grabhorn@grabhornlaw.com*
Grabhorn Law Office, PLLC
2525 Nelson Miller Parkway, Suite 107
Louisville, KY  40223
p: (502) 244-9331
f: (502) 244-9334

*Counsel for Plaintiff*